IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

MICHELLE M. BOOTES                                              PLAINTIFF
1203 Mallard Creek Road
Louisville, Kentucky 40207


                                     Case No. __3:15-CV-440-DJH__

v.

                                     Judge_____


FIFTH THIRD BANK                                              DEFENDANTS
38 Fountain Square Plaza
Cincinnati, Ohio 45263

        SERVE:        James R. Hubbard, Registered Agent
                      38 Fountain Square Plaza MD#10AT76
                      Cincinnati, Ohio 45263
                      (BY KENTUCKY SECRETARY OF STATE)

** ** ** **

**VERIFIED COMPLAINT**

        Comes the Plaintiff, Michelle M. Bootes, by counsel, and for her Verified Complaint

against the Defendant, Fifth Third Bank ("Fifth Third"), states as follows:

**I.  PRELIMINARY STATEMENT**

        1.       This is an action for negligence, defamation, negligent misrepresentation, and

violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in

Lending Act ("TILA"), 15 U.S.C. §1601 et seq. arising out of Fifth Third's false reporting to

Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") of an

alleged delinquent debt and Fifth Third's failure to correct its reporting on Plaintiff's Equifax and

Trans Union credit reports.

## II.  PARTIES

2.      Plaintiff, Michelle M. Bootes, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1203 Mallard Creek Road, Louisville, Kentucky 40207.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5.      Defendant, Fifth Third, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

6.      Fifth Third is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7.      Fifth Third is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

## III.  JURISDICTION

8.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV.  FACTUAL BACKGROUND

9.      In or around 1997, Plaintiff opened a credit card account with Fifth Third.

10.     In 2013, subsequent to a divorce, Plaintiff entered into a hardship program with Fifth Third pursuant to which Plaintiff paid Fifth Third $569 per month with 8% interest on the subject credit card account.

11.     In early 2015, Plaintiff missed a credit card payment, but made a double payment of $1,138 to Fifth Third in March 2015.  Fifth Third confirmed receipt of Plaintiff's payment by letter

dated March 10, 2015.

12.     Also in March 2015, Plaintiff began seeking financing for a home purchase and accessed her Equifax and Trans Union credit reports.

13.     In accessing her Equifax and Trans Union credit reports, Plaintiff discovered a false derogatory past due entry furnished by Fifth Third regarding the credit card account.  Fifth Third's false derogatory entry indicated an alleged past due balance of $1,707 on the credit card account.

14.     Immediately upon discovering the derogatory entry, Plaintiff contacted Fifth Third and spoke to Fifth Third employee Caroline Cobbs regarding Fifth Third's false derogatory. During Ms. Cobb's conversation with Plaintiff, Ms. Cobbs advised Plaintiff that Plaintiff was not delinquent on the account and that Fifth Third had somehow misapplied Plaintiff's $1,138 payment on the credit card account.  Ms. Cobbs further assured Plaintiff that Fifth Third would correct the error and would correct its false credit reporting regarding Plaintiff's alleged past due status on the credit card account.

15.     In April 2015, Plaintiff filed disputes with Equifax and Trans Union concerning Fifth Third's derogatory entry based on her payment of the alleged debt and Fifth Third's representation and assurance that Plaintiff was not delinquent on the credit card account and that Fifth Third would correct its false reporting regarding the account.

16.     In late April 2015, Fifth Third, Equifax and Trans Union verified the alleged past due Fifth Third account.

17.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Fifth Third failed to remove the disputed item from Plaintiff's credit report.  Fifth Third did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Fifth

Third's receipt of Plaintiff's dispute.

18.     Fifth Third's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Fifth Third's false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence

19.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Fifth Third's false reporting to Equifax and Trans Union regarding the alleged past due account was negligent under applicable law.  In falsely reporting the alleged past due account, Fifth Third breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

21.     Fifth Third's false reporting to Equifax and Trans Union regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  Fifth Third's false reporting to Equifax and Trans Union regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation

22.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Fifth Third, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and

other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Trans Union credit reports, that Plaintiff has a past due account with Fifth Third.  Fifth Third's statements were false and were made with conscious disregard for the rights of the Plaintiff.

24.     Fifth Third's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Fifth Third account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     Fifth Third's initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due Fifth Third account is a violation of Fifth Third's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

27.     Fifth Third's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Fifth Third is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act

28.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.     Fifth Third's initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due Fifth Third account, despite Fifth Third's knowledge of the falsity of its reporting, is a willful violation of Fifth Third's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

30.    Given Fifth Third's knowledge of the falsity of its reporting, Fifth Third's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Fifth Third is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## Negligent Misrepresentation

31.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.    In dealing with the Plaintiff regarding her account, Fifth Third was under a duty of reasonable care in obtaining and communicating to Plaintiff accurate information about the account.

33.    Considering Fifth Third's continuing derogatory reporting on Plaintiff's Equifax and Trans Union credit reports regarding the alleged past due account, Fifth Third, as stated above, falsely represented to Plaintiff that Plaintiff's credit payment was not late and that Fifth Third would correct its false reporting.  Plaintiff justifiably relied on Fifth Third's misrepresentations has been damaged as a result of Fifth Third's negligent misrepresentation.

34.    Fifth Third's negligent misrepresentation entitles Plaintiff to compensatory and consequential damages therefor.

## Violation of the Truth in Lending Act

35.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    Fifth Third's initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due account with Fifth Third is a violation of Fifth Third's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

37.     Fifth Third's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Michelle M. Bootes, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
Phone, (502) 589-4215
Facsimile, (502) 589-4994
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## VERIFICATION

I, Michelle M. Bootes, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Michelle M. Bootes*

Michelle M. Bootes

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Michelle M. Bootes this 21 day of May , 2015.

BRANDY N. JENKINS
Notary Public
State at Large
Kentucky
My Commission Expires Oct 9, 2017

*Brandy Jenkins*

Notary Public

Commission expires: 10/9/17